[No. 1914.]

### John Roe *v.* The State.

1. Practice — Plea.— Unless the record shows affirmatively that a defendant on trial for a criminal offense pleaded to the indictment or information upon which the prosecution is predicated, or that the plea of not guilty was entered for him by the court, a judgment of conviction will be set aside.

2. Same.— The fact that the case, being a misdemeanor, was tried by the court without the intervention of a jury does not obviate the necessity of a plea by the defendant, or excuse the failure of the court, if he declines to plead, to enter the plea of not guilty for him.

3. Same— Practice in the Court of Appeals — Presumption.— This court cannot presume, against the silence of the record on appeal, that the plea of not guilty was entered by or for the defendant, in response to the indictment. That fact must affirmatively appear by the record.

Appeal from the County Court of Bowie. Tried below before the Hon. J. J. Bell, County Judge.

The conviction in this case was for the theft of a hog, cf the value of $12, the property of E. H. Moores, in Bowie county, Texas, on the 10th day of June, 1882. The punishment assessed against the appellant was confinement in the county jail for the term of thirty days.

*J. M. Talbot*, for the appellant.

*J. H. Burts*, Assistant Attorney-General, for the State.

Hurt, Judge. This is a conviction for the theft of a hog of the value of $12, the property of E. H. Moores. The case was tried by the county judge without a jury.

In this case the record fails to show that the defendant pleaded to the information, or that the plea of not guilty was entered for him. This is fatal error for which the judgment must be reversed.

It is insisted by our assistant attorney-general that, as the case was tried by the judge without a jury, a plea by or for the defendant was not necessary. This proposition is settled against him in *Melton* v. *The State*, 8 Texas Ct. App., 619.

Again, it may be urged that this court should presume that the plea of not guilty was made by or for the defendant, and that this presumption should not be discarded simply because the record is silent in reference thereto; or, in other words, that it is not necessary for the record to show affirmatively that defendant did plead to the indictment or information. In support of the proposition that the record on appeal must show that a plea to the indictment or information was made by, or entered for, the accused, we submit the following authorities: *Sperry* v. *The Commonwealth*, 9 Leigh, 623; *Anderson* v. *The State*, 3 Pinney's Rep. (Wis.), 367.

Because the record fails to show that a plea was made by or entered for defendant, the judgment is reversed and the case remanded.

*Reversed and remanded.*

[Opinion delivered October 24, 1885.]